## THE ACT LICENSING STEAM ENGINEERS.

[Circuit Court of Butler County.]

STATE, EX REL GARD, v. E. H. HARMON, DISTRICT EXAMINER.*

Decided, 1902.

*Constitutional Law—The Act Licensing Steam Engineers Invalid—
Because of the Arbitrary Exemption of a Particular Class.*

Section 4364-891 (94 O. L., 33), providing for the licensing of sta-
    tionary engineers, contravenes Section 2 of Article I of the Bill
    of Rights, and Section 36 of Article II of the Ohio Constitution,
    in that it arbitrarily exempts from its operation those who have
    been continuously employed as engineers for three years next
    preceding its passage, and excludes all others not within the time
    limit therein designated.

JELKE, J.; SWING, J., and GIFFEN, J., concur.

The only objection to the law herein involved, viz.: "An act
for the better protection of life and property against injury or
damage resulting from the operation of steam engines and boil-
ers by incompetent engineers and others, and to repeal an act
therein named" (94 O. L., 33, Sections 4364-891 to 4364-89w,
Revised Statutes), which gives us serious consideration is that
urged to the provision of Section 7, which reads as follows:

"Section 7. Any engineer who has been employed contin-
uously as a steam engineer in the state of Ohio for a period of
three years next prior to the passage of this act, and who files
with his application a certificate of such fact, under oath, ac-
companied by a certificate from his employer or employers, veri-
fying the same, or who holds a license issued to him under any
ordinance of a municipal corporation of this state, shall be
entitled to a license without further examination."

It is contended that this section arbitrarily exempts from the
requirements of the act a large, fixed, particular number of
engineers who would naturally belong to the class sought to be
regulated by the general provisions of the law and hence is
in contravention of Section 2, Article I of the Bill of Rights,
and Section 26, Article II of the Constitution.

*Affirmed by the Supreme Court (66 O. S., 249).

The particular engineers who can substitute three years' continuous employment in lieu of an examination are fixed once and for always by the passage of the act. They are those who have been continuously employed as engineers between March 1, 1897, and March 1, 1900, and none other. Here is a particular class marked off by an arbitrarily fixed time limit from the general class, and into this particular class no one thereafter can ever enter. A little reflection will make apparent that this particular class is large.

There is no objection within the legislative wisdom to making three years' continuous employment the equivalent of an examination, but the privilege of tendering this equivalent must not be given to a particular set of engineers.

The Supreme Court said, per Spear, C. J., in *State* v. *Gardner,* 58 Ohio St., 599, 610:

"Our Bill of Rights prohibits the granting of privileges to one which are denied to others of the same class, and the imposition of restrictions or burdens upon certain citizens from which others of the same class are exempt, and Section 26 of Article II of the Constitution requires that all laws of a general nature shall have a uniform operation throughout the state. A statute, therefore, which imposes special restrictions or burdens, or grants special privileges to persons engaged in the same business under the same circumstances, can not be sustained because it is in contravention of the equal right which all are entitled to in the enforcement of laws, and in the enjoyment of liberty, and in the enjoyment of an equal right in the acquisition and possession of property, and so is not of uniform operation.

"The constitutional objection to this statute is that it operates unequally in that it imposes the burden of an examination and license fee upon certain persons, and exempts others of the same class, pursuing the same business in the same way."

Also see *State* v. *Gravett,* 65 Ohio St., 289.

At first we considered declaring Section 7 invalid and letting the remainder of the law stand, but the exception of Section 7 is so large that it affects the scope of the whole law.

The General Assembly may not have legislated on the subject at all had it realized that it could not make the exceptions provided for in Section 7.

We do not think the Fourteenth Amendment of the Federal Constitution applies to this subject matter.

The other objections to this law are not, in our opinion, well taken. We are of opinion that this law is invalid.

Demurrer to petition overruled.

*J. M. Sheets,* Attorney-General and *S. W. Bennett,* for the demurrer.

*Warren Gard, Wm. M. Ampt* and *James E. Neal,* against the demurrer.

## INJUNCTION AGAINST RAILWAY TICKET BROKERS.

[Circuit Court of Cuyahoga County.]